IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PASTORA HEMON,<br><br>Petitioner,<br><br>v.<br><br>ESTELA DERR, WARDEN,<br><br>Respondent. | Case No. 23-cv-00133-DKW-RT<br><br>**ORDER DENYING PETITION FOR A WRIT OF *HABEAS CORPUS*** |

Petitioner Pastora Hemon petitions this Court pursuant to 28 U.S.C. § 2241 for a writ of *habeas corpus*, requesting that the Bureau of Prisons ("BOP") apply First Step Act ("FSA") time credits to her statutory release date, resulting in her immediate release. Dkt. No. 1. The petition is DENIED for two reasons. First, Hemon has failed to exhaust her administrative remedies. Second, even if the Court were to waive the exhaustion requirement, Hemon is *ineligible* for FSA credits, due to her status as a leader in a drug offense. *See* 18 U.S.C. § 3632(d)(4)(D)(lxvii) (excluding from FSA credit eligibility any prisoner whose "sentencing court f[ound] that the offender was an organizer, leader, manager, or supervisor of others in the offense, as determined under the guidelines promulgated by the United States Sentencing Commission").

## LEGAL STANDARD

A federal district court may issue a writ of *habeas corpus* when a federal prisoner establishes that she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Before seeking relief under 28 U.S.C. § 2241, "a petitioner must first, as a prudential matter, exhaust his or her available administrative remedies." *Singh v. Napolitano*, 649 F.3d 899, 900 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Exhaustion may be waived only "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quoting *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)).

## RELEVANT BACKGROUND

On March 4, 2022, the United States District Court for the District of Hawai'i sentenced Hemon to 30 months' imprisonment and five years of supervised release for conspiracy and possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Dkt. No. 8-2 at 2. As Hemon began serving her 30-month sentence on April 29, 2022, her full term ends on October 28, 2024. In light of four days of

jail credit and a projected 134 days of good time credit, Hemon's current statutory projected release date is June 12, 2024.

On March 15, 2023, Hemon filed a petition for a writ of *habeas corpus*, conclusorily contending that she is entitled to "12 months" of FSA credits, which, if correct, would result in her release as of June 12, 2023.   Dkt. No. 1.[1]   Hemon admits she has not exhausted her administrative remedies, but states that exhaustion should be excused in her case because it would result in "irreparable harm" since, she claims, she is eligible for immediate release.[2]  *Id.*   Notably, Hemon's petition provides no calculation or explanation of how she is entitled to "12 months" of FSA credits.   That claim appears dubious, in light of applicable statutory guidance and the fact that she had been incarcerated for less than eleven months at the time of her petition.[3]

---

[1] Hemon claims that her FSA credits were previously withheld by the BOP because she has a possible "detainer," but due to a recent clarification of the First Step Act, prisoners with detainers are not automatically disqualified from FSA credit eligibility.   Dkt. No. 1.

[2] The applicable BOP administrative remedy process, which is available to prisoners who believe their FSA credits have been incorrectly withheld or miscalculated, consists of four steps. Prisoners must start by filing a BP-8 Form, followed by three levels of appeals via BP-9, BP-10, and BP-11 Forms.   Hemon claims that she requested the BP-8 Form from a correctional officer in order to begin the administrative remedy process, but that she "was told that at some point [she] would receive [her] FSA ETC credits, [and] that [she] had to wait and [she] could not file a BP-8."   Dkt. No. 9.

[3] An eligible prisoner is entitled to the following FSA time credits, capped at 365 days, or twelve months, to be applied to the statutory release date:

> (i)    A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

On June 2, 2023, the Government responded, asserting that Hemon's petition should be denied for two reasons. Dkt. No. 8. First, regarding the merits of Hemon's claim, the Government explains that Hemon is ineligible for FSA credits because she was found by the sentencing court to be an organizer or leader in her drug crime. *Id.* at 5–6. Second, the Government contends that Hemon should not be excused from exhausting her administrative remedies, as she is not entitled to FSA credits—and is not entitled to immediate release—and, thus, has not shown that the "pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id.* at 3–4 (citing *Laing*, 370 F.3d at 1000).

On June 9, 2023, Hemon replied, claiming that she was *not* "considered an organizer, leader, manager, or supervisor in the charged criminal conspiracy," in contrast to her co-defendant Pedro Gutierrez. Dkt. No. 9. She therefore re-asserts her claim that she is eligible for the maximum of twelve months' FSA credits and immediate release. *Id.*

---

(ii)   A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

18 U.S.C. § 3632(d)(4)(A).

## DISCUSSION[4]

Hemon's petition is DENIED because she has failed to exhaust her administrative remedies, *see* Dkt. No. 1 (conceding failure to exhaust), and there is no reason to excuse such failure. The "prudential exhaustion doctrine is well established," *Singh*, 649 F.3d at 902, and it "is not lightly to be disregarded." *Murillo v. Mathews*, 588 F.2d 759, 762 n.8 (9th Cir. 1978). "Although courts have discretion to waive the exhaustion requirement when it is prudentially required [as opposed to statutorily required], this discretion is not unfettered. . . . Lower courts are [] not free to address the underlying merits without first determining the exhaustion requirement has been satisfied or properly waived." *Laing*, 370 F.3d at 998 (citing *Montgomery v. Rumsfeld*, 572 F.2d 250, 254 n.4 (9th Cir. 1978)).

Further, even if the Court reached the merits, it finds that Hemon is not eligible for FSA credits because her sentencing court found that she had a leadership role in her drug crime. 18 U.S.C. § 3632(d)(4)(D)(lxvii); *see* Declaration of Kris Robl ("Robl Decl.") ¶ 9, Dkt. No. 8-1; Presentence Investigation Report (2) ("PSR") ¶ 36, Cr. No. 18-00043-02 LEK, Dkt. No. 377 at 12 (recommending a 3-level sentencing guideline increase pursuant to USSG

---

[4] As Hemon is *pro se*, the Court has liberally construed her pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

§ 3B1.1(b) because Hemon's "role in the offense was that of a manager or supervisor" to criminal activity involving five or more participants); Cr. No. 18-00043-02 LEK, Dkt. No. 379 (sentencing minutes, stating that the sentencing court adopted the factual findings of the PSR); Statement of Reasons, Cr. No. 18-00043-02 LEK, Dkt. No. 381 (adopting the PSR "without change"). Hemon's contention that her co-defendant, Pedro Gutierrez, was "the organizer, leader" of her crime, *see* Dkt. No. 9 at 1, is irrelevant; as occurred here, multiple persons may receive a USSG § 3B1.1(b) enhancement as an organizer, leader, manager, or supervisor within the same criminal conspiracy.

## CONCLUSION

For the reasons stated herein, Hemon's petition for a writ of *habeas corpus*, Dkt. No. 1, is DENIED.[5]

IT IS SO ORDERED.

DATED: June 20, 2023 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

[5] Considering that her statutory projected release date is June 12, 2024, nearly one year away, Hemon has ample time to utilize the BOP's administrative remedy process if she believes her FSA credit eligibility remains for some reason not presented here.